# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROMONDE HENRY** | **CIVIL ACTION** |
| **versus** | **NO. 12-2083** |
| **ORLEANS PARISH** | **SECTION: "N" (1)** |

## REPORT AND RECOMMENDATION

Petitioner, Romonde Henry, a state pretrial detainee, filed this application seeking federal *habeas corpus* relief. Although he used a form intended for convicted prisoners seeking relief under 28 U.S.C. § 2254, his pre-trial petition will be construed as having been filed pursuant to 28 U.S.C. § 2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).

Petitioner, who is currently awaiting trial on state charges for purse snatching and public intimidation,[1] complains that he has been in jail for a year and a half, has never been accorded a preliminary hearing, and is being denied his right to a speedy trial. In its response in this proceeding, the state argues that this matter should be dismissed because petitioner has not yet exhausted his remedies in the state courts. The state is correct.

Although there is no statutory exhaustion requirement under 28 U.S.C. § 2241, jurisprudence clearly imposes such a requirement. Dickerson, 816 F.2d at 225; see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-492 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995). Therefore, although a pretrial detainee may

---

[1] State Rec., Vol. I of I.

properly file a § 2241 application seeking to force the state to proceed expeditiously to trial, he still must first exhaust his remedies in the state courts. Dickerson, 816 F.2d at 225-26; Braden, 410 U.S. at 489-93; Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976); Stokes v. Duhe, Civ. Action No. 09-1451, 2010 WL 742569, at *2 n.1 (W.D. La. Feb. 22, 2010); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 506-09 (E.D. La. 1988).[2]  For the following reasons, it is evident that petitioner has not complied with that exhaustion requirement.

The United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before

---

[2] In Brown, the Fifth Circuit explained:

> An initial question is whether petitioner has any right to invoke federal habeas corpus in view of the fact that he has not yet been tried on the indictments in question. The answer is provided in large part by the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The Court there reiterated the long established principle that 'federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' Id. at 490, 93 S.Ct. at 1127, 35 L.Ed.2d at 449. The Court held, however, that there was an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

Brown, 530 F.2d at 1282-83.

>  the state courts in a procedurally proper manner according to the
>  rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).  The state alleges that petitioner has not sought review of his claims by the Louisiana Supreme Court, and petitioner does not allege otherwise.  Moreover, this Court contacted the Clerk of Court of the Louisiana Supreme Court by telephone on December 14, 2012, and confirmed that petitioner has filed no writ applications whatsoever in that court.

Because petitioner has not presented his claims to the state's highest court, the Louisiana Supreme Court, and thereby given that court a "fair opportunity" to pass upon those claims, the claims are unexhausted.  Therefore, he is not entitled to relief under 28 U.S.C. § 2241.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Romonde Henry be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this seventeenth day of December, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.